UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| BRIDGES CONTRACTING, INC. | : | |
| Defendant | : | NO. 02-cv-2837 |

**MOTION FOR JUDGMENT BY DEFAULT BY THE COURT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)
AGAINST DEFENDANT BRIDGES CONTRACTING, INC.**

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), by their legal counsel, respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter default judgment in favor of the Fund and against Bridges Contracting, Inc.("Company" or "Bridges") in the amount of $6,506.79 for unpaid contributions, liquidated damages, interest under Fund Rules and Regulations and ERISA and attorneys' fees and costs incurred by the Funds pursuant to 29 U.S.C. §§1132(g)(2)(A)-(D), and order Company to cooperate in a contribution compliance audit.  In support of this Motion, the Fund relies upon the allegations in

its Complaint, the Declaration of Anthony DiSabato[1] and the Declaration of Marc L. Gelman, Esquire[2].

The grounds for this Motion are as follows:

1. Prior to the commencement of this action, the Fund attempted to resolve this delinquency in an amicable manner.

2. The requested payments were not received and on or about May 13, 2002, the Complaint in this matter was filed. The Complaint was served on May 24, 2002, as appears from the Affidavit of Service filed with the Court.

3. No Answer to the Complaint has been filed by the Company.

4. On or about July 9, 2002, Plaintiffs filed a Request to Clerk to Enter Default against the Company pursuant to Fed.R.Civ.Pro. 55(a) and mailed a copy first class mail, postage prepaid to the Company. Default was entered on or about July 9, 2002.

5. The Company is not an infant or incompetent person.

**WHEREFORE**, Plaintiffs seek the following relief:

(a) Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

---

[1] The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to this Motion as Exhibit 1. The Document referred to in the DiSabato Declaration is attached to this Motion as Exhibits 2.

[2] The Declaration of Marc L. Gelman ("Gelman Declaration") is attached to this Motion as Exhibit 3. The document referred to in the Gelman Declaration is attached to this Motion as Exhibit 4.

  (b)  Such other and further relief as the Court deems just, necessary and appropriate.

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.


      BY:  _s/Marc L. Gelman_____
        SANFORD G, ROSENTHAL (ID NO. 38991)
        MARC L. GELMAN (ID NO. 78857)
        JENNINGS SIGMOND, P.C.
        510 Walnut Street
        Philadelphia, PA  19106-3683
        (215) 351-0623
        Attorney for Plaintiffs

Dated: July 24, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al. | : : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : : | |
| BRIDGES CONTRACTING, INC. | : | |
| Defendant | : | NO. 02-cv-2837 |

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANT BRIDGES CONTRACTING, INC.**

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), by their legal counsel, by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default.

Defendant Bridges Contracting, Inc.("Company" or "Bridges") is party to a collective bargaining agreement ("Agreement") with Cement Masons' Union Local No. 592, (DiSabato Declaration, ¶7)[1].

---

[1] The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to this Motion as Exhibit 1. The Document referred to in the DiSabato Declaration is attached to this Motion as Exhibit 2.

102049-1

4

The Agreement provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Agreement (DiSabato Declaration, ¶7 and Exhibit 2).

The Agreement also requires that these contributions must be received by the Funds no later than the tenth (10th) day of the month following the month in which the work was performed (Exhibit 2, Article XI, p. 14.). Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds.

The Funds' records reveal that the payment checks Company has submitted for fringe benefit contributions covering November 2001 through February 2002 totaling $4,394.10, have been returned by the bank for insufficient funds. As a result, the Company owes the Funds at least the sum of $4,344.10 in contributions (DiSabato Declaration, ¶8, Exhibit 3), and $439.41 in liquidated damages (Exhibit 2, Article XIII, §5, p. 16).

Additionally, the Company owes the Funds $144.60 in contractually-prescribed interest on the delinquent contributions through July 1, 2002 (Exhibit 3, Article XIII, §6 (B) p. 16).

Under the terms and conditions of the Agreement, Company is obligated to produce, upon request from the Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning it's contributions obligated to the Fund. Company has refused to submit to an audit of their books and records, (DiSabato Declaration, ¶ 9).

Prior to commencement of this lawsuit, the Funds notified the Company of this delinquency and attempted to resolve the matter amicably. The Company failed to submit the

requested payments.  As a result, this lawsuit was instituted against Company on May 13, 2002.  Service of the Complaint and Summons was made on the Company on May 24, 2002.

The Company did not file an Answer or other responsive pleading within 20 days of service, and on July 9, 2002, Plaintiffs filed a Request to the Clerk to Enter Default pursuant to Fed. R. Civ. Pro. 55(a).

## ARGUMENT

### A.   ENTRY OF JUDGMENT AGAINST COMPANY FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE

The Company is party to a collective bargaining agreement ("Agreement") with Cement Masons' Union Local No. 592, (DiSabato Declaration, ¶7).  Pursuant to the express provisions of the Agreement, the Company is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees on a monthly basis.  (DiSabato Declaration, ¶7 and Exhibit 2).

*The Agreement also obligates the Company to pay these contributions by the tenth (10th) day of the month following the month in which the monies are accrued (Exhibit 2, Article XI, §1, p.14).  In addition, the Agreement states that an employer shall be liable to pay (in addition to the principal sums and the 10% liquidated damages due the Funds, interest in accordance with 29U.S.C. §1132(g)(2) ).  (Exhibit 2, Article XIII, §6, p.16).*

The Funds' records reveal that the Company has not submitted the full amount of contractually-required contributions for the period November 2001 through February 2002.  As a

result of Company's failure to remit the full amount of contributions for the above period, the Company owes the Funds at least the following amounts (DiSabato Declaration, ¶8):

|  | **Contributions** | **Liquidated Damages** |
|---|---|---|
|  | $4,394.10 | $439.41 |
| **TOTAL** | **$4,833.51** | |

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively- bargained agreement shall...make such contributions in accordance with...such agreement."

29 U.S.C. §§1145

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). If a judgment under Section 515 is entered in the Funds' favor, then Section 502(g)(2) provides for the mandatory award of the following:

(A) The unpaid contributions,

(B) Interest on the unpaid contributions,

(C) An amount equal to the greater of -

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

102049-1

7

    (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)  such other legal or equitable relief as the Court deems appropriate.

  The failure of the Company to comply with its contractual and statutory obligations results in a substantial adverse impact on the Funds' ability to meet their legal obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of l974 and by the documents and instruments by which they are administered to provide health and welfare benefits and pension credits to the Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(l) and (2); <u>Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.</u>, 5ll F.Supp. 38 (D.Minn. l980), <u>aff'd sub nom</u>, <u>Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc.</u>, 642 F.2d ll22 (8th Cir. l98l). The Funds are required to provide these benefits and credits regardless of whether the Company makes the contributions. For example, if a covered employee of the Company has incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expense despite not receiving contributions from the Company. The result is a significant drain on the resources of the Funds.

  Additionally, when an employer fails to remit its contributions the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health and welfare benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations.

Given the clear language of the contract and obligations mandated by ERISA, this Court should not only enter judgment in the Funds' favor but order the Company to pay the contributions which they owe. Additionally, the Court should grant the Funds judgment, including the injunctive relief requested, in accordance with the express mandates of Section 502(g)(2) of ERISA, 29 U.S.C. §ll32(g)(2).

**B. COMPANIES SHOULD BE ORDERED TO PRODUCE THEIR RECORDS FOR AN AUDIT AND PAY ANY AMOUNTS FOUND TO BE DUE AND OWING.**

The determination of an employee's benefits is made based upon information contained on the remittance report. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information.

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employers, the Funds have the right to review all of the employers records that relate to its contributory obligation. *Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559,105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Funds' auditors to review these records upon request. *Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692, 695 (6th Cir. 1994). Here, the Labor Agreement obligates the Companies to allow the audit. See Exhibit 2, Article XIII, §11. The scope of records subject to review is broad, and include those records the auditors reasonably deem necessary to conduct the audit. *DeMarco v. C & L Masonry*, 891 F.2d 1236 (6th Cir. 1989). In addition to the routine

payroll records (e.g. time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns.  Id.

The employer's obligations under the Agreement and 29 U.S.C. §1145 mean nothing if the Funds' can not insure compliance through an audit.  The Court should and must order the Company to produce its records for an audit so that a precise determination of the amount owed can be made.  Upon completion of the audit, the Court should enter a further judgment against Company for all additional amounts found to be due and owing under the Agreement and ERISA.

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Funds the relief requested in this Motion for Default Judgment.

Respectfully submitted,

JENNINGS SIGMOND, P.C.


By:    s/Marc L. Gelman
       SANFORD G. ROSENTHAL (ID NO. 38991)
       MARC L. GELMAN (ID NO. 78857)
       JENNINGS SIGMOND, P.C.
       The Penn Mutual Towers, 16th Floor
       510 Walnut Street
       Philadelphia, PA  19106
       (215) 351-0623


Attorney for Plaintiffs

Date: July 24, 2002

## **CERTIFICATE OF SERVICE**

      I, MARC L. GELMAN, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Bridges Contracting, Inc. was served by mailing same first class mail, postage prepaid, on the date listed below to:

Bridges Contracting, Inc.
931 North Watts Street, #33
Philadelphia, PA  19123

The foregoing Motion has been filed with the Court electronically and is available for viewing and downloading from the ECF system.


                                                        ____s/Marc L. Gelman_____
                                                        MARC L. GELMAN, ESQUIRE

Date: <u>July 24, 2002</u>

102049-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| BRIDGES CONTRACTING, INC. | : | |
| Defendant | : | NO. 02-cv-2837 |

**ORDER AND JUDGMENT BY DEFAULT AGAINST**
**BRIDGES CONTRACTING, INC.**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), it appears to the Court that Defendant Bridges Contacting, Inc. ("Company" or "Bridges") was served with process on May 24, 2002, and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Company having been entered, it is **ORDERED**:

1. Judgment is entered against Company in favor of the Plaintiffs in the amount of $6,506.79 including:

    (a) Unpaid contributions in the amount of $4,394.10 and liquidated damages of $439.41 under 29 U.S.C. §1132(g)(2) and 185(a) and the Labor Contract and the Fund's Rules and Regulations.

102049-1

(b) Interest through July 1, 2002 as provided by 29 U.S.C. §1132(g)(2)(B), 26 U.S.C. §6621 in the amount of $144.60. The contribution amount in Paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c) Attorneys' fees and costs incurred in the collection and enforcement of this judgment in the amount of $1,528.68 incurred through July 19, 2002 in accordance with 29 U.S.C. §1132(g)(2)(D). In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment, including those incurred in the collection of delinquent contributions and other amounts owing which may be found to be due as a result of the audit provided for in paragraph three (3) and four (4) of this order.

2. Defendants, owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with the Defendants, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendants are obligated to do so under their collective bargaining agreement(s).

3. Within twenty (20) days of the entry of this Order Defendant Bridges Construction, Inc. shall make available to the designated representative of the Funds, within fifteen (15) days of request by the Funds or its agents, all payroll books and related records of Defendants necessary for the Funds to ascertain the precise amount of delinquent contributions due and owing for the period from August 7, 1998 to and including the date of the audit.

4.        If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Final Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs pursuant to ERISA, 29, U.S.C. § 1132(g)(2).

5.        This Order and Judgment in enforceable, without duplication, by the Plaintiffs, or their agent.

                                BY THE COURT

Dated: _____        By: _____
       Philadelphia, PA                    STEWART DALZELL,    J.