UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al. | : : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : : | |
| BRIDGES CONTRACTING, INC. | : | |
| Defendant | : | NO. 02-cv-2837 |

**ORDER AND JUDGMENT BY DEFAULT AGAINST
BRIDGES CONTRACTING, INC.**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), it appears to the Court that Defendant Bridges Contacting, Inc. ("Company" or "Bridges") was served with process on May 24, 2002, and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Company having been entered, it is **ORDERED**:

    1.    Judgment is entered against Company in favor of the Plaintiffs in the amount of $6,506.79 including:

    (a)    Unpaid contributions in the amount of $4,394.10 and liquidated damages of $439.41 under 29 U.S.C. §1132(g)(2) and 185(a) and the Labor Contract and the Fund's Rules and Regulations.

(b) Interest through July 1, 2002 as provided by 29 U.S.C. §1132(g)(2)(B), 26 U.S.C. §6621 in the amount of $144.60. The contribution amount in Paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c) Attorneys' fees and costs incurred in the collection and enforcement of this judgment in the amount of $1,528.68 incurred through July 19, 2002 in accordance with 29 U.S.C. §1132(g)(2)(D). In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment, including those incurred in the collection of delinquent contributions and other amounts owing which may be found to be due as a result of the audit provided for in paragraph three (3) and four (4) of this order.

2. Defendants, owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with the Defendants, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendants are obligated to do so under their collective bargaining agreement(s).

3. Within twenty (20) days of the entry of this Order Defendant Bridges Construction, Inc. shall make available to the designated representative of the Funds, within fifteen (15) days of request by the Funds or its agents, all payroll books and related records of Defendants necessary for the Funds to ascertain the precise amount of delinquent contributions due and owing for the period from August 7, 1998 to and including the date of the audit.

4. If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Final Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs pursuant to ERISA, 29, U.S.C. § 1132(g)(2).

5. This Order and Judgment in enforceable, without duplication, by the Plaintiffs, or their agent.

BY THE COURT

Dated: _____   By: _____
      Philadelphia, PA           STEWART DALZELL,    J.